[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10166
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:10-cr-60188-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MERCEDES MORALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 8, 2011)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Mercedes Morales appeals her 120-month sentence for using an interstate

commerce facility in the commission of murder for hire, in violation of 18 U.S.C.

§ 1958(a). Morales argues that her sentence is substantively unreasonable because it is longer than necessary to achieve the sentencing goals encompassed in 18 U.S.C. § 3553(a) and because it does not take into account her mental health, the custody dispute underlying her offense, or her need for rehabilitation. For the reasons set forth below, we affirm Morales's sentence.

I.

In April 2010, Morales met with an individual named Memo, who was a confidential source for the Federal Bureau of Investigations, to discuss having her ex-husband killed. At a second meeting, Memo and Morales agreed to a price of $10,000.00 for the murder. Morales later gave Memo a diamond ring worth $6,800.00 as advance payment for the murder. Morales told Memo that, after her ex-husband was killed, Memo should send her a text message from her ex-husband's phone to establish a cover story. The message would say that the ex-husband "ran away with another woman" and that Morales should "take care of their son." When she was arrested, Morales stated that: (1) her ex-husband kept their son from her; (2) she was angry that her ex-husband had testified against her in an earlier criminal trial; and (3) because of those incidents, she agreed to have her ex-husband killed.

Morales's total adjusted offense level was 34. Based on a prior conviction

for conspiracy to commit money laundering, Morales was assigned a criminal history category of II. Her guideline range was 168 to 210 months' imprisonment. Because the statutory maximum sentence was 10 years, however, Morales's guideline range became 120 months pursuant to U.S.S.G. § 5G1.1(a).

Prior to sentencing, Morales moved for a downward departure, arguing first that her criminal history category over-represented the seriousness of her criminal history. Second, a departure was warranted in light of 18 U.S.C. § 3553(a). Morales's ex-husband was emotionally abusive, insulted her in front of their son, and would not let her see or talk to their son. According to a psychological evaluation attached to her motion, Morales exhibited severe symptoms of depression and anxiety.

At sentencing, Morales argued, through counsel, that although her actions were wrong, she was in the midst of a custody dispute where her ex-husband was not going to allow her to see their son again. Although they had joint custody of their son pursuant to their divorce proceeding, Morales's ex-husband would not allow her to see their son. Morales could not afford to go back to court to address the custody issue. Her ex-husband had moved with their son from South Florida to the west coast of Florida. Under these circumstances, a ten-year sentence was too severe. Morales addressed the court herself, asking for mercy and stating that

she could not afford to move to the west coast of Florida when her ex-husband had moved there with their son. The court sentenced Morales to 120 months' imprisonment, and then renewed Morales's motion for a variance but stated that its ruling on the motion remained the same.

## II.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). Under the abuse of discretion standard, the sentence will be affirmed "unless we find that the district court has made a clear error of judgment." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (*en banc*).

The district court is required to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable guideline range, the pertinent policy

4

statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7). A district court may not, however, impose or lengthen a term of imprisonment "in order to promote a criminal defendant's rehabilitation." *Tapia v. United States*, 564 U.S. ___, 131 S.Ct. 2382, 2385, 180 L.Ed.2d 357 (2011). In explaining this holding, the Supreme Court stated that under 18 U.S.C. § 3582(a), it was improper for a court to consider the need for rehabilitation in "determining *both* whether to imprison an offender *and* what length of term to give him." *Tapia*, 564 U.S. at ___, 131 S.Ct. at 2389.

We determine whether a sentence was substantively reasonable by examining the sentence in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We expect a sentence within the guideline range to be reasonable. *United States v. Alfaro-Moncada*, 607 F.3d 720, 735 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 1604 (2011). The party challenging a sentence bears the burden of establishing that it was unreasonable. *Talley*, 431 F.3d at 788.

Morales has failed to demonstrate that her sentence was substantively

unreasonable in light of the record and the § 3553(a) factors.[1]  First, Morales has abandoned any argument that her sentence did not adequately reflect her need for rehabilitation.  She makes only a single passing reference to this matter without explaining what type of rehabilitation she seeks or how a different term of imprisonment would promote her rehabilitation.  *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (stating that the appellant abandoned an issue where he made "only four passing references" to the argument in his initial brief).  In any event, even if this argument was properly raised, it is improper for a district court to consider a defendant's need for rehabilitation in determining the length of a prison sentence.  *See Tapia*, 564 U.S. at ___, 131 S.Ct. at 2389.  Thus, the court did not err in determining the length of Morales's term of imprisonment without considering her need for rehabilitation.

Next, the court's sentence of 120 months was the guideline range, and we ordinarily expect such a sentence to be reasonable.  *See Alfaro-Moncada*, 607 F.3d at 735.  The sentence, moreover, met the goals encompassed within 18 U.S.C. § 3553(a).  Morales had multiple meetings with Memo to arrange to have her ex-husband killed.  She also gave Memo a diamond ring worth $6,800.00 as

---

[1] Morales has abandoned any argument that her sentence was procedurally unreasonable because she did not raise this issue in her initial brief.  *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (stating that a party abandons an issue not raised in its initial brief).

advance payment for the murder and instructed Memo to send her a text message from her ex-husband's phone to establish a cover story. Morales had also previously been convicted of conspiracy to commit money laundering. Considering the seriousness of Morales's current offense and of her criminal history, a sentence within the guideline range was necessary to promote respect for the law, provide just punishment, deter Morales and others from attempting to have individuals murdered, and protect the public from further crimes by Morales. Therefore, Morales has not shown that her within-guideline sentence was unreasonable. *See Talley*, 431 F.3d at 788.

For the foregoing reasons, we affirm Morales's sentence.

**AFFIRMED.**